# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOSE A. PARRA,<br><div align="center">Appellant,</div><br>v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY,<br><div align="center">Agency.</div> | DOCKET NUMBER<br>SF-0752-20-0421-I-1<br><br><br>DATE:  October 16, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ryan C. Nerney</u>, Ladera Ranch, California, for the appellant.

<u>Brian P. Olfato</u> and <u>Diana Mondragon</u>, Chula Vista, California,
    for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's action.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's claim regarding the consistency of the penalty, we AFFIRM the initial decision.

In alleging that the administrative judge erred in finding that the agency proved its charge of conduct unbecoming, the appellant primarily challenges the administrative judge's credibility determinations regarding several witnesses. Petition for Review (PFR) File, Tab 1 at 12-13, 21-27. We find, however, that the appellant's arguments do not set forth sufficiently sound reasons to disturb the administrative judge's well-reasoned credibility determinations, which are supported by the record. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Moreover, we discern no reason to disturb the administrative judge's factual findings and legal conclusions, as she properly considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). Thus, we agree with the administrative judge that the agency proved its charge of conduct unbecoming.

The appellant also argues that the penalty exceeded the bounds of reasonableness and that the deciding official and the administrative judge did not properly weigh the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). PFR File, Tab 1 at 14-21. Among other things, the

appellant asserts that the deciding official and the administrative judge "completely ignored" that the appellant submitted "a plethora of other comparator evidence that does not support a removal for similar conduct." *Id*. at 18. Below, he identified three alleged comparator employees who were given lesser penalties. Initial Appeal File (IAF), Tab 5 at 30-32, 51-68. Because the administrative judge did not address the appellant's claim regarding the consistency of the penalties, we modify the initial decision to address this issue, nonetheless finding that the appellant has not met his burden. *See McNab v. Department of the Army,* 121 M.S.P.R. 661, ¶¶ 10–11 (2014).

Among the factors that an agency should consider in setting the penalty for misconduct is the "consistency of the penalty imposed with those imposed upon other employees for the same or similar offenses." *Douglas*, 5 M.S.P.R. at 305. While no single factor is outcome determinative, the fact that two employees come from different work units or supervisory chains remains an important factor in determining whether it is appropriate to compare the penalties they are given. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 13. In most cases, employees from another work unit or supervisory chain will not be proper comparators. *Id*. There must be a close connection between the misconduct or some other factor for an employee from another work unit or supervisory chain to be a proper comparator. *Id*. Although the universe of potential comparators will vary from case to case, it should be limited to those employees whose misconduct or other circumstances closely resemble those of the appellant. *Id*. The relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently. *Id.*, ¶ 14. In addition, the consistency of the penalty with those imposed on other employees for the same or similar offenses is only one of many factors to be considered in determining an appropriate penalty, and is not necessarily outcome determinative. *Id.*, ¶ 18; *Douglas*, 5 M.S.P.R. at 305-06.

As noted above, the appellant identified three alleged comparator employees and provided decision letters of their disciplinary actions. IAF, Tab 5

at 54-56, 60-61, 66-68. Two of the comparators engaged in misconduct that is widely different from the sole sustained charge in this case, and thus, they are not valid comparators for consistency of the penalty purposes. *Id*. at 60-61, 66-68. Regarding the third comparator, he was suspended for 5 days for use of poor judgment; he received double reimbursement (in the amount of $1,665) for repairs to a rental car from a rental car company and insurance company. *Id*. at 54-56. Although the third comparator was also a law enforcement officer and engaged in insurance fraud, he worked at a different office location and was under a different supervisory chain. Moreover, the scale of the misconduct was greater in the appellant's case, as it involved the submission of an altered invoice that enhanced the cost of carpet repairs to a rental property he owned by $10,000 and resulted in multiple investigations and felony charges in state court. IAF, Tab 6 at 6, 8, 85-86, Tab 11 at 48-51, 53-54. Unlike the appellant, the third comparator did not seek double reimbursement; instead, the insurance company mistakenly paid him, and he accepted its error. IAF, Tab 5 at 51. The appellant has failed to identify another comparator employee whose misconduct or other circumstances closely resemble those of the appellant. He also has not established that the agency knowingly and unjustifiably treated employees differently. Therefore, the appellant has not established that he was subjected to an inconsistent penalty. For the reasons stated in the initial decision, we agree with the administrative judge's finding that removal is the maximum reasonable penalty for the sustained charge.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.